IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE S. KAUFMAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-5096 |
| | : | |
| CAROLYN W. COLVIN,[1] | : | |
| Acting Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 24th day of July, 2014, upon consideration of Plaintiff Jacqueline Kaufman's brief and statement of issues in support of request for review, Defendant's response thereto, and Kaufman's reply, and after careful and independent review of the Report and Recommendation of United States Magistrate Jacob P. Hart and the Commissioner of Social Security's objections thereto, and Kaufman's response, it is ORDERED:

1. The Commissioner's objections (Document 24) are SUSTAINED insofar as the Commissioner requests that this case be remanded for further consideration of the medical evidence.[2]

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin is substituted for Michael J. Astrue as the defendant in this case.

[2] Kaufman seeks review of the Commissioner's denial of her application for Disability Insurance Benefits and Supplemental Security Income. In his Report and Recommendation (R&R), the Magistrate Judge recommended the denial of benefits be reversed outright because the administrative record has been fully developed and substantial evidence in the record as a whole indicates Kaufman is disabled and entitled to benefits. R&R 18. The Magistrate Judge therefore recommended this case be remanded solely for the calculation of benefits. In her objections to the R&R, the Commissioner does not contend that the denial of benefits should be upheld. Rather, she objects to the Magistrate Judge's conclusion that benefits should be awarded on the existing record, noting there are unresolved issues concerning Kaufman's complicated medical condition. The Commissioner asserts the diagnosis, symptoms, and extent of Kaufman's condition are unclear, and the medical expert's testimony during the administrative hearing was not helpful. The Commissioner submits the medical expert did not specialize in a field related to Kaufman's impairments and was not able to sufficiently parse out crucial information and

2. The Report and Recommendation (Document 21) is APPROVED and ADOPTED in part.

3. Kaufman's Request for Review (Document 15) is GRANTED insofar as she requests a remand.

4. JUDGMENT is entered VACATING the final decision of the Commissioner. The matter is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further review consistent with this Order.

5. The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

explain it to the Administrative Law Judge (ALJ), such that the ALJ's findings could be meaningfully reviewed. The Commissioner contends an award of benefits should not be made when there are unresolved issues of fact as to the effects of Kaufman's diagnoses.

While the Court agrees with the Magistrate Judge's finding that the record indicates Kaufman has a poorly understood disorder involving unpredictable fainting-like episodes, a district court should order the award of benefits without a remand "only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." *Gilliland v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986). In his R&R, the Magistrate Judge disagreed with the ALJ's conclusion that Kaufman's diagnosis of narcolepsy with cataplexy was related to Kaufman's orthostatic hypertension. The Magistrate Judge found narcolepsy with cataplexy could be an alternative, separate culprit in Kaufman's fainting episodes, but because the ALJ assumed it was related to her orthostatic hypertension, the ALJ did not properly analyze this disorder when denying Kaufman's benefits. The Magistrate Judge also found the ALJ was incorrect in interpreting the medical expert's testimony as stating that Kaufman was not limited in her vocational functioning, failed to fully credit the testimony of Kaufman and her mother, and erroneously concluded Kaufman could engage in the full range of light work. The Commissioner challenges the Magistrate Judge's findings, specifically arguing that narcolepsy with cataplexy and autonomic nervous system dysfunction can be related. Def.'s Objections 3-4. Because this case turns on an interpretation of the medical evidence and it appears the record has not been fully developed, the matter should be remanded for a consultative examination with an appropriate specialist and for supplemental medical expert testimony from a physician who specializes in neurology and sleep disturbances to clarify the interplay between Kaufman's various diagnoses.